# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARCUS DESHAWN WOODSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 17-176-RAW-KEW** |
| ) | |
| **JOE M. ALLBAUGH, DOC Director,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He is attacking the execution of his sentence following his conviction of a prison misconduct. He sets forth the following grounds for relief:

I.   Petitioner was denied due process when prison officials convicted him of misconducts on February 15, 2017; March 1, 2017; March 14, 2017; March 22, 2017; and April 6, 2017, without any evidence.

II.   Petitioner was transferred to Davis Correctional Facility on February 8, 2017, for being a "management problem," and he was demoted without a hearing from Level 3 to Level 1 on April 19, 2017, because he was a management problem. Prison officials subjected him to cruel and unusual punishment in the classification process by racially discriminating and conspiring to punish him more harshly than white offenders. Officials also considered all infractions accrued by Petitioner to be management issues, which is a void and vague practice by prison administrators to violate due process.

III. Petitioner was unconstitutionally deprived of a liberty interest under the Equal Protection Clause, because black prisoners are routinely discriminated against in the classification process and in security placement, and they are punished excessively by white administrators without justification. Racial discrimination also exists in receiving adequate medical care, and black inmates suffer disparity in promotions, disciplinary treatment, program placement, lower security, and release and housing assignments, when compared to white inmates. DOC officials abuse policies to racially harass and show dominance between Latinos, Native Americans, and African-Americans. White and Native American inmates receive preferential treatment at the discretion of case managers and other unit officials who stereotype all African-American inmates. Petitioner has been deprived of level promotions and held to a stricter standard in disciplinary actions and security placement, which effects the duration of his sentence and his eligibility for parole.

IV. On March 31, 2017, Petitioner signed a Level 3 promotion which never was applied to his record. On April 1, 2017, Respondent's "co-agents" used a chemical agent against Petitioner when Petitioner asked for his meal. Petitioner also received a falsified misconduct on that date. On April 19, 2017, Respondent failed to afford Petitioner a "UCC" hearing prior to demoting and punishing him outside of the disciplinary process and falsifying a misconduct.

**Failure to Exhaust State Remedies**

Respondent has moved for dismissal, alleging Petitioner has failed to exhaust his state remedies (Dkt. 8). "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731)). This requirement extends to the exhaustion of *administrative* remedies as well. *Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006) (emphasis in original). *See*, *e.g.*, *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005);

2

*Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004); *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that a prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus") (emphasis in original).

The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Inmate/Offender Grievance Process," effective July 19, 2016 (Dkt 8-2). An inmate first must attempt to resolve his complaint informally by talking with the affected staff, supervising employee, or other appropriate staff within three (3) days of the incident. If unsuccessful, he may submit a Request to Staff (RTS) within seven (7) calendar days of the incident. If the complaint still is not resolved, he then may file a grievance within 15 days from the date of receipt of the response to the RTS. If the grievance does not resolve the issue, the inmate may appeal to the Administrative Review Authority (ARA) within 15 calendar days of receipt of the reviewing authority's decision or any amended decisions. The administrative process is exhausted only after all of these steps have been taken.

Mark Knutson, Manager of the DOC ARA, has submitted an affidavit stating he has reviewed Petitioner's Inmate/Offender grievance records maintained at the ARA (Dkt. 8-3). According to the records, Petitioner has not exhausted the administrative remedies for his claims in this petition.

Respondent also summarily argues that Petitioner has failed to exhaust his available state judicial remedies. This argument, however, is not supported with relevant authority.

3

Petitioner has filed a response to the motion to dismiss, alleging the exhaustion requirement is not applicable when a prisoner has no adequate remedy, rendering exhaustion futile. He also has submitted copies of numerous Requests to Staff from 2015 and 2016 which concern issues occurring before the incidents at issue in this lawsuit.

> Exhaustion of administrative remedies is not required when it would be futile. *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). The futility exception, however, is quite narrow. We generally apply the exception when there has been an adverse decision disposing of the precise issue raised by the petitioner. *See Goodwin v. Oklahoma*, 923 F.2d 156, 157-58 (10th Cir. 1991). [Petitioner] has not cited to any such adverse decision.

*Bun v. Wiley*, 351 Fed. App'x 267, 268, 2009 WL 3437831, at *2 (10th Cir. Oct. 27, 2009) (unpublished). Here, the Court finds Petitioner's unsupported and conclusory assertion of futility does not warrant an exception to the exhaustion requirement.

**Request for Declaratory and Injunctive Relief**

Petitioner also requests the Court to declare that Respondent "condoned and colluded in the practice and patterns of racial discrimination by neglecting to manage and correct the illegal discriminatory actions of subordinates' conduct in subjecting the petitioner to unconstitutional policies with the knowledge that the use of such discriminatory practices [were] enacted to prevent the institutional progress and rehabilitation of the petitioner based on his race" (Dkt. 1 at 6). He further asks the Court to enjoin the DOC and the Board of Corrections "to remove the discretionary power of staff from its policies and procedures which allows staff to discriminate against minority inmates in program placement, security, disciplinary treatment, housing, and job assignments . . . ." *Id.*

The Court finds Petitioner's requests for declaratory or injunctive relief are inappropriate for this § 2241 habeas petition. "A § 2241 petition attacks the execution of a sentence . . . ." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). Petitioner's claims regarding an alleged conspiracy subjecting him to discrimination must be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983. Those issues cannot be considered in this habeas corpus action.

**Certificate of Appealability**

The court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 8) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 1st day of March, 2018.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma